**KAZEROUNI LAW GROUP, APC**
David J. McGlothlin, Esq. (SBN: 253265)
david@kazlg.com
Mona Amini, Esq. (SBN: 296829)
mona@kazlg.com
245 Fischer Avenue, Unit D1
Costa Mesa, California 92626
Telephone: (800) 400-6808
Facsimile: (800) 520-5523

*Attorneys for Plaintiff,*
Victoria McIntyre

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VICTORIA MCINTYRE,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>PORTFOLIO RECOVERY ASSOCIATES, LLC,<br><br>　　　　Defendant. | Case No.: **'22CV162  H    JLB**<br><br>**COMPLAINT FOR VIOLATIONS OF:**<br><br>**(1) THE FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. § 1692, ET SEQ.; AND**<br><br>**(2) THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT, CAL. CIV. CODE § 1788, ET SEQ.;**<br><br>**JURY TRIAL DEMANDED** |

///
///
///
///
///
///
///
///

## INTRODUCTION

1. The United States Congress has found abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors, and has determined that abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy.  Congress wrote the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692, et seq., to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.

2. The California legislature has determined that the banking and credit system and grantors of credit to consumers are dependent upon the collection of just and owing debts and that unfair or deceptive collection practices undermine the public confidence that is essential to the continued functioning of the banking and credit system and sound extensions of credit to consumers.  The Legislature has further determined that there is a need to ensure that debt collectors exercise this responsibility with fairness, honesty, and due regard for the debtor's rights and that debt collectors must be prohibited from engaging in unfair or deceptive acts or practices.[1]

3. The California legislature has also found that the collection of debt purchased by debt buyers has become a significant focus of public concern due to the adequacy of documentation required to be maintained by the industry in support of collection activities and litigation.  In that regard, setting specific documentation and process standards will protect consumers, provide needed clarity to courts, and establish clearer criteria for debt buyers and the collection industry.

---

[1] Cal. Civ. Code §§ 1788.1 (a)-(b)

4. Plaintiff VICTORIA MCINTYRE ("Plaintiff"), through Plaintiff's attorneys, brings this action to challenge the actions of PORTFOLIO RECOVERY ASSOCIATES, LLC ("Defendant") with regard to attempts by Defendant to unlawfully, fraudulently, and abusively collect an alleged debt, and this conduct caused Plaintiff damages.

5. Plaintiff makes these allegations on information and belief, with the exception of those allegations that pertain to a plaintiff, or to a plaintiff's counsel, which Plaintiff alleges on personal knowledge.

6. While many violations are described below with specificity, this Complaint alleges violations of the statute cited in its entirety.

7. Unless otherwise stated, all the conduct engaged in by Defendant took place in California.

8. Any violations by Defendant were knowing, willful, and intentional, and Defendant did not maintain procedures reasonably adapted to avoid any such violation.

9. Unless otherwise indicated, the use of Defendant's name in this Complaint includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers of Defendant's named.

## JURISDICTION AND VENUE

10. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and 15 U.S.C. § 1692(k) and this Court has supplemental jurisdiction over related state law and common law claims asserted herein pursuant to 28 U.S.C. § 1367.

11. This action arises out of Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692, et seq. ("FDCPA"), the Rosenthal Fair Debt Collection Practices Act, California Civil Code §§ 1788, et seq. ("RFDCPA"), and fraud.

///

12. Because Defendant conducts business within the State of California, personal jurisdiction is established.

13. Venue is proper in the United States District Court, Southern District of California pursuant to 28 U.S.C. § 1391 for the following reasons: (i) Plaintiff resides within this judicial district; (ii) the conduct complained of herein occurred within this judicial district; and, (iii) Defendant conducted business within this judicial district at all times relevant.

## PARTIES

14. Plaintiff is a natural person who resides in the County of San Diego, State of California, from whom a debt collector sought to collect a consumer debt which was due and owing or alleged to be due and owing. In addition, Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

15. Defendant is, and at all times mentioned herein was, a Delaware limited liability company with a primary place of business and/or headquarters located at 120 Corporate Blvd., Suite 100, Norfolk, VA 23502. At all times relevant herein, Defendant conducted business in the State of California and in the County of San Diego, and within this judicial district.

16. Defendant, in the ordinary course of business, regularly, on behalf of themselves or others, engages in debt collection as that term is defined by California Civil Code § 1788.2(b), and is therefore a "debt collector" as that term is defined by California Civil Code § 1788.2(c) and 15 U.S.C. § 1692a(6).

17. This case involves money, property or their equivalent, due or owing or alleged to be due or owing from a natural person by reason of a consumer credit transaction. As such, this action arises out of a "consumer debt" and "consumer credit" as those terms are defined by Cal. Civ. Code § 1788.2(f) and a "debt" as that term is defined by 15 U.S.C. 1692a(5).

//
//

# FACTUAL ALLEGATIONS

18. At all times relevant, Plaintiff is an individual residing within the County of San Diego in the State of California.

19. Plaintiff is informed and believes, and thereon alleges, that at all times relevant, Defendant conducted business in the State of California.

20. Beginning in or around October 2021, Defendant began contacting Plaintiff in attempt to collect upon an alleged debt.

21. Defendant has repeatedly called Plaintiff from numerous different telephone numbers in its attempts to collect an alleged debt.

22. Plaintiff has been unsure why Defendant has repeatedly called her and Plaintiff has asked Defendant to explain why Plaintiff is receiving Defendant's calls and Defendant has only responded that Plaintiff does not appear to have a debt in Defendant's records.

23. Plaintiff has requested that her telephone number be removed from Defendant's call list or be placed on a do-not-call list, however, Defendant has not complied with Plaintiff's request and continues to repeatedly call Plaintiff.

24. In response to Plaintiff's complaints and requests that the calls to her telephone stop, Defendant's representative or manager has represented that Defendant is unable to do so and that Plaintiff should instead block the number calling her. However, Plaintiff is unable to block Defendant's calls because Defendant repeatedly calls her from different varying numbers, including but not limited to the following telephone numbers: (760)-299-7033, (909)-358-6168, (980)-339-7558, (512)-876-2094, (786)-465-2560, (760)-733-8832, (404)-476-3382, 619-268-4739, (909)-324-6757, (909)-467-6120, (760)-640-3914, (619) 514-0102, (618) 248-0064, (636) 310-0500, (760) 227-1170, (913) 490-5965, (760) 230-5174, (787) 305-443-3188, (760) 302-1265, (254) 275-6024, (619) 210-2027, (757) 347-3016, (347) 227-1137, (479) 879-9029, (760) 823-3149, (859) 475-5953, (678) 321-0119, (307) 226-3078, (760) 823-3149, (830) 310-8665, (785)

576-1450, (847) 307-8134, (479) 755-8137, (615) 400-3795, (442) 263-2839.

25. Defendant has informed Plaintiff that Plaintiff's name, telephone number, and social security number are not associated with a debt assigned or transferred to Defendant.

26. Plaintiff does not owe any alleged debt and Defendant has no reasonable or permissible purpose to continue to call Plaintiff in its attempts to collect upon an alleged debt.

27. Plaintiff's telephone number has been registered with the National Do Not Call Registry since July 2003.

28. Plaintiff has requested that Defendant cease calling Plaintiff. Nevertheless, Defendant's calls to Plaintiff have continued much to Plaintiff's dismay.

29. Due to Defendant's repeated telephone calls in connection with Defendant's debt collection activities, Plaintiff has felt unable to freely use her phone, and has often felt the need to turn her phone off entirely, as Plaintiff has been frequently interrupted by Defendant's telephone calls, causing Plaintiff loss of time, frustration, annoyance, nuisance, frequent disturbance, and intrusion of Plaintiff's privacy.

30. The above-described calls from Defendant were each a "communication" as defined under 15 U.S.C. §1692a(2) and constituted "debt collection" as defined by Cal. Civ. Code § 1788.2(b).

31. Through the above actions, Defendant also engaged in conduct the natural consequence of which is to harass, oppress, or abuse a person in connection with the collection of an alleged debt in violation of 15 U.S.C. § 1692d. This section is incorporated into the RFDCPA through Cal. Civ. Code § 1788.17. Thus, through the same conduct Defendant also violated Cal. Civ. Code § 1788.17.

32. Through the above conduct, Defendant also violated 15 U.S.C. § 1692f by engaging in unfair or unconscionable means to collect or attempt to collect an alleged debt. This section is incorporated into the RFDCPA through Cal. Civ.

Code § 1788.17. Thus, through the same conduct Defendant also violated Cal. Civ. Code § 1788.17.

33. Through this communication and conduct, Defendant also violated 15 U.S.C. § 1692f by engaging in unfair or unconscionable means to collect or attempt to collect an alleged debt. This section is incorporated into the RFDCPA through Cal. Civ. Code § 1788.17. Thus, through the same conduct Defendant also violated Cal. Civ. Code § 1788.17.

34. As a result of Defendant's unfair, oppressive, fraudulent, misleading, deceptive, and abusive conduct in connection with its debt collection activity, Plaintiff has suffered invasion of privacy, embarrassment, loss of utility of her cellular phone, mental anguish by way of stress, frustration, and anxiousness due to Defendant's incessant calls over the course of several months. Plaintiff is also inconvenienced, confused, and deceived by Defendant's misleading, fraudulent, deceptive, and unfair debt collection communications, including the representation that Defendant is unable to do anything to cease calling Plaintiff.

35. Through all the above-mentioned conduct, Defendant engaged in debt collection activity against Plaintiff concerning the alleged debt in violation of the statutes discussed above. Consequently, Defendant has violated 15 U.S.C. §§ 1692, et seq. and Cal. Civ. Code §§ 1788, et seq. and engaged in fraud.

## CAUSES OF ACTION

### COUNT I

### VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT

### 15 U.S.C. §§ 1692, ET SEQ. (FDCPA)

36. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

37. The foregoing acts and omissions constitute numerous and multiple violations of the FDCPA.

38. As a result of each and every violation of the FDCPA, Plaintiff is entitled to any

actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages for a knowing or willful violation in the amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from Defendant.

## COUNT II

### VIOLATION OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT CAL. CIV. CODE §§ 1788, ET SEQ. (RFDCPA)

39. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

40. The foregoing acts and omissions constitute numerous and multiple violations of the RFDCPA.

41. As a result of each and every violation of the RFDCPA, Plaintiffs are entitled to any actual damages pursuant to Cal. Civ. Code § 1788.30(a); statutory damages for a knowing or willful violation in the amount up to $1,000.00 pursuant to Cal. Civ. Code § 1788.30(b); and reasonable attorney's fees and costs pursuant to Cal. Civ. Code § 1788.30(c) from Defendant.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that judgment including the following be entered against Defendant:

- an award of actual damages, in an amount to be determined at trial, pursuant to 15 U.S.C. § 1692k(a)(1);
- an award of actual damages, in an amount to be determined at trial, pursuant to Cal. Civ. Code § 1788.30(a);
- an award of statutory damages of $1,000.00, pursuant to 15 U.S.C. § 1692k(a)(2)(A);
- an award of statutory damages of $1,000.00, pursuant to Cal. Civ. Code § 1788.30(b);
- an award of costs of litigation and reasonable attorney's fees, pursuant to

15 U.S.C. § 1692k(a)(3);

- an award of costs of litigation and reasonable attorney's fees pursuant to Cal. Civ. Code § 1788.30(c); and,
- any and all other relief that this Court may deem just and proper.

### DEMAND FOR JURY TRIAL

42. Plaintiff is entitled to, and demands, a trial by jury on all issues so triable.

Dated: February 3, 2022                    Respectfully submitted,

**KAZEROUNI LAW GROUP, APC**

By: *s/Mona Amini*
　　DAVID J. MCGLOTHLIN, ESQ.
　　MONA AMINI, ESQ.
　　*Attorney for Plaintiff*